1  CALIFORNIA STATE UNIVERSITY
   OFFICE OF GENERAL COUNSEL
2  Christine Helwick (SBN 057274)
   Susan Westover (SBN 151211)
3  401 Golden Shore, 4th Floor
   Long Beach, CA  90802-4210
4  Tel:    (562) 951-4500
   Fax:    (562) 951-4956
5  swestover@calstate.edu

6  Attorneys for Defendant Board of Trustees of the California State
   University (erroneously named as "The California State University d.b.a.
7  San Francisco State University")

8

9                    UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

11  EQUAL EMPLOYMENT                    Case No. CV 08 2772 WHA
    OPPORTUNITY COMMISSION,
12                                      Judge:      Hon. William H. Alsup
             Plaintiff,                 Ctrm:       19
13
         vs.                            **DEFENDANT'S ANSWER TO COMPLAINT**
14
    THE CALIFORNIA STATE                **DEMAND FOR JURY TRIAL**
15  UNIVERSITY D.B.A. SAN FRANCISCO
    STATE UNIVERSITY,                   Date of Filing:    June 4, 2008
16                                      Trial Date:        Not set
             Defendant.
17

18        Defendant **Board of Trustees of the California State University** (erroneously named as "The

19  California State University d.b.a. San Francisco State University") answers the complaint of plaintiff

20  Equal Employment Opportunity Commission as follows:

21        1.    In response to the introductory "Nature of the Action" paragraph of the complaint,

22  defendant admits that the action is brought under the Age Discrimination in Employment Act

23  ("ADEA"), denies that there has been any unlawful employment practices on the basis of age, and

24  denies that the EEOC and/or Dr. Lawford Goddard are entitled to any relief.  Further, defendant denies

25  that Dr. Lawford Goddard was denied hire to the position of Assistant Professor because of his age

26  (then 61).

27        2.    In response to paragraph 1 of the complaint ("Jurisdiction and Venue"), defendant

28  admits that this Court has jurisdiction over this case under the ADEA.  Defendant further admits that

Page 1 of 4

**ANSWER TO COMPLAINT**                                    Case No. CV 08 2772 WHA

1     venue in this Court is proper.

2          3.     In response to paragraph 2 of the complaint ("Intra-District Assignment"), defendant

3     denies that the challenged employment decision was an unlawful employment practice, and admits that

4     the employment decision was made within the geographical jurisdiction of this Court.

5          4.     In response to paragraph 3 of the complaint (in the section entitled "Parties"), defendant

6     admits that the EEOC is an agency of United States charged with administration, interpretation and

7     enforcement of the ADEA and is authorized to bring this action under the ADEA.

8          5.     In response to paragraph 4 of the complaint (in the section entitled "Parties"), defendant

9     Board of Trustees of the California State University (which was erroneously named in this case as

10     "The California State University d.b.a. San Francisco State University") admits it is the State of

11     California acting in its higher education capacity.  Defendant further alleges that the Board of Trustees

12     is the governing body of the California State University, and is a state agency.

13          6.     In response to paragraph 5 of the complaint (in the section entitled "Parties"), defendant

14     admits that it is "a State or political subdivision of a State and any agency or instrumentality of a State

15     or a political subdivision of a State" within the meaning of 29 U.S.C. § 630(b) (*but* *see* *Kimel v.*

16     *Florida Bd. of Regents,* 528 U.S. 62, 120 S.Ct. 631 (2000), which holds this provision invalid because

17     it violates the Eleventh Amendment).

18          7.     In response to paragraph 6 of the complaint ("Conciliation"), defendant admits that the

19     EEOC and defendant made several unsuccessful attempts to conciliate the dispute.  Defendant denies

20     the remaining allegations of paragraph 6.

21          8.     In response to paragraph 7 of the complaint, defendant denies all of the allegations

22     contained therein.

23          9.     In response to paragraph 8 of the complaint, defendant denies all of the allegations

24     contained therein.

25          10.     In response to paragraph 9 of the complaint, defendant denies all of the allegations

26     contained therein.

27          11.     In response to the prayer for relief, defendant denies that plaintiff EEOC and/or Dr.

28     Lawford Goddard are entitled to any relief whatsoever, in any form.  Defendant denies all of the

Page 2 of 4

**ANSWER TO COMPLAINT**                                                    Case No. CV 08 2772 WHA

1 | allegations contained in the prayer for relief, including its subparagraphs.

2 | **AFFIRMATIVE DEFENSES**

3 | 12.      *11th Amendment Immunity*:  The Board of Trustees of the California State University is

4 | the State of California acting in its higher education capacity, and as such, it enjoys Eleventh

5 | Amendment immunity against suit for monetary damages under the ADEA.  *See Kimel v. Florida Bd.*

6 | *of Regents,* 528 U.S. 62, 120 S.Ct. 631 (2000).

7 | 13.      *Immunity from Punitive or Liquidated Damages*:  The University, which is the State of

8 | California acting in its higher education capacity, is immune from all punitive, exemplary, or

9 | liquidated damages claims pursuant to Cal. Gov't Code §§ 818 and 950.

10 | 14.      *Statute of Limitations*:  The complaint is barred by the statute of limitations.  The

11 | tenure-track position in issue in this case was formally offered to Dr. Antwi Akom on June 10, 2004.

12 | Dr. Lawford Goddard filed his EEOC/DFEH complaint on November 2, 2004.  Defendant alleges,

13 | based on information and belief, that Dr. Goddard received a right-to-sue letter from the EEOC and/or

14 | DFEH sometime in or around 2004, yet no lawsuit was filed until 2008.  Under 29 U.S.C. § 626(e), the

15 | civil suit is timely only if filed within 90 days of the issuance of the right-to-sue letter.  Furthermore,

16 | the ADEA does not require the issuance of a right-to-sue letter before suit is filed.  Suit may be filed

17 | 60 days after filing the administrative complaint before filing suit (28 U.S.C. § 633(b); *Oscar Mayer &*

18 | *Co. v. Evans*, 441 U.S. 750, 761, 99 S.Ct. 2066, 2074 (1979).).  Therefore, the June 4, 2008 filing of

19 | this case is beyond the statute of limitations of 29 U.S.C. § 626(e).  (To the extent a state statute of

20 | limitations may be applied, the complaint is barred by the one-year limitations periods of Cal. Code

21 | Civ. Proc. § 338(a).)

22 | 15.      *Laches*:  The complaint is barred by the equitable doctrine of laches, as Dr. Goddard

23 | and the EEOC unreasonably and inexcusably delayed in asserting the claim and in bringing, filing, and

24 | serving the complaint, causing substantial prejudice to defendant, which hired Dr. Antwi Akom four

25 | years ago for the then-existing opening for a tenure-track position.  The EEOC has no reasonable

26 | explanation for its delay in pursuing this claim, nor for its lack of communication with the University

27 | over the past four years.  Even if the complaint is not barred in its entirety, any claim for back pay

28 | should be denied.

**ANSWER TO COMPLAINT**                                                                 Case No. CV 08 2772 WHA

1    16.    *Failure to Mitigate*:  On June 3, 2004, Dr. Goddard executed his CalPERS retirement

2  application.  On June 4, 2004, Dr. Goddard submitted to the University formal written notice of his

3  intent to retire effective on June 8, 2004.  Dr. Goddard has failed to mitigate his economic damages by

4  retiring from the active workforce in June 2004 and not making reasonable efforts to find subsequent

5  employment since that time to the present.

6    17.    *Legitimate Nondiscriminatory Reasons*:        The    University    had    legitimate,

7  nondiscriminatory reasons for selecting Dr. Akom for the tenure-track position, since he was the best

8  qualified, highest ranked candidate, as recognized by four of the six members of the search committee.

9                                **PRAYER FOR RELIEF**

10    Defendant prays for the following relief:

11    A.    That plaintiff take nothing by reason of its complaint, and that judgment be entered in

12  favor of defendant;

13    B.    That defendant be awarded its attorney fees and costs of suit incurred in defending this

14  action; and

15    C.    For such other relief as the Court deems proper.

16
                                           CALIFORNIA STATE UNIVERSITY
17                                         OFFICE OF GENERAL COUNSEL

18  Dated:  August 18, 2008          /s/ _____
                                           Susan Westover, Attorneys for Defendant Board of
19                                         Trustees of the California State University (erroneously
                                           named as The California State University d.b.a. San
20                                         Francisco State University)

21

22                                **DEMAND FOR JURY TRIAL**

23    Defendant demands a jury trial.

24
                                           CALIFORNIA STATE UNIVERSITY
25                                         OFFICE OF GENERAL COUNSEL

26  Dated:  August 18, 2008          /s/ _____
                                           Susan Westover, Attorneys for Defendant Board of
27                                         Trustees of the California State University (erroneously
                                           named as The California State University d.b.a. San
28                                         Francisco State University)

**ANSWER TO COMPLAINT**                              Case No. CV 08 2772 WHA

**PROOF OF SERVICE**
<u>EEOC v. CSU</u>
**United States District Court, Northern District of California, Case No. CV-08-2772 WHA**
**OGC No. 08-0708**

I, Pat Garrabrandt, declare as follows:

I am employed in the County of Los Angeles, State of California. I am at least 18 years old, and not a party to this action. I am an employee of or agent for California State University, Office of General Counsel, whose business address is 401 Golden Shore, 4th Floor, Long Beach, CA 90802-4210.

On August 18, 2008, I served the document described as **DEFENDANT'S ANSWER TO COMPLAINT - DEMAND FOR JURY TRIAL** on the interested parties in this action as follows:

| | |
|---|---|
| William R. Tamayo | Attorneys for Plaintiff EEOC |
| David F. Offen-Brown | |
| Linda S. Ordonio-Dixon | Tel: (415) 625-5654 |
| U.S. Equal Employment Opportunity | Fax: (415) 625-5657 |
| Commission – San Francisco District Office | |
| 350 The Embarcadero, Suite 500 | |
| San Francisco, CA 94105-1260 | |

☒ ***BY MAIL—COLLECTION BOX:*** I placed each document in a sealed envelope with postage fully prepaid, in the California State University Office of General Counsel's mail collection box in Long Beach, California, so that following ordinary business practices, the envelope would be collected and mailed on this date. I am readily familiar with this office's business practice for collection and processing of mail. In the ordinary course of business, each document would be deposited with the United States Postal Service on that same day.

☐ ***BY MAIL—PERSONAL DEPOSIT:*** I placed each document in a sealed envelope with postage fully prepaid and then deposited the envelope in a mail box regularly maintained by the United States Postal Service in Long Beach, California.

☒ ***BY E-MAIL:*** I sent each document via electronic mail to each email address listed above.

☐ ***BY PERSONAL SERVICE:*** I delivered each document in a sealed envelope by hand to each addressee above.

Signed on August 18, 2008, at Long Beach, California. I declare under penalty of perjury under the laws of the State of California that this declaration is true and correct.

/s/ _____
Pat Garrabrandt

-1-

Case No. CV 08 2772 WHA

85053.doc