ORIGINAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA STATE UNIVERSITY BOARD OF TRUSTEES D/B/A SAN FRANCISCO STATE UNIVERSITY,<br><br>Defendant. | CIVIL ACTION NO. C-08-2772 WHA<br><br>SETTLEMENT AGREEMENT |

I. **INTRODUCTION**

Plaintiff U.S. Equal Employment Opportunity Commission (EEOC) brought this lawsuit under the Age Discrimination in Employment Act (ADEA), to correct alleged unlawful employment practices and to provide appropriate relief to Charging Party Lawford Goddard, who was allegedly adversely affected by such alleged practices. Defendant Board of Trustees of the California State University and its San Francisco State University campus (collectively, CSU) deny all claims.

In the interest of resolving this matter, the EEOC and CSU ("the Parties") have agreed that this lawsuit should be finally resolved by this Settlement Agreement.

This Settlement Agreement shall not constitute an adjudication and/or a finding on the merits of this lawsuit. This Settlement Agreement resolves all claims raised by the EEOC which stem from EEOC Charge No. 370-2005-00250 (Lawford Goddard v. San Francisco State University) and the EEOC Complaint in this lawsuit, and constitutes a complete resolution of all claims of

SETTLEMENT AGREEMENT                                                                                                          C-08-2772 WHA

discrimination under the ADEA that were made or could have been made by the EEOC and/or Dr. Goddard based on this charge. This Settlement Agreement does not, however, resolve any future charges or charges that may be pending with the EEOC other than the charges and Complaint specifically referenced in this paragraph.

This Settlement Agreement comprises the full and exclusive agreement of the EEOC and Defendant CSU with respect to the matters discussed herein. No waiver, modification or amendment of any provision of this agreement shall be effective unless made in writing and approved by all the Parties to this agreement, and any substantive change, modification or amendment of any provision of this agreement shall require approval by the Court.

## II. NON-ADMISSION OF LIABILITY

This Settlement Agreement is not an adjudication or finding on the merits of this case and shall not be construed as an admission of any violation by Defendant.

The Court has reviewed the terms of this Settlement Agreement in light of the pleadings, the record herein, and the applicable law, and now approves the Settlement Agreement in its entirety.

## III. GENERAL PROVISIONS

1. This Court has jurisdiction over the subject matter and the parties to this action.
2. This Settlement Agreement constitutes a full resolution of Plaintiff's complaint in Civil Action No. C-08-2772 and the underlying charge of discrimination filed with the EEOC.
3. This Settlement Agreement shall become effective upon its signing by the Parties and submission to the Court.
4. Each party shall bear its own costs and attorney fees.

///

///

///

///

///

SETTLEMENT AGREEMENT 2. C-08-2772 WHA

### IV. NON-MONETARY RELIEF

1. Defendant agrees that it does not and will not unlawfully discriminate against any employee due to his or her age; or retaliate against any employee because he or she: (i) opposes or opposed discriminatory practices made unlawful by the ADEA; (ii) files or filed a charge of discrimination or assists, assisted, participates, or participated in the filing of a charge of discrimination; or (iii) assists, assisted, participates or participated in an investigation or proceeding brought under the Federal laws prohibiting discrimination or retaliation.

2. Defendant agrees to confer upon Charging Party Lawford Goddard "Emeritus Status" which will entitle him to all benefits and amenities allowed to such persons under Academic Senate Policy F91-147 (or any later adopted Emeritus policy that may be approved by the Academic Senate and the campus President). This status shall become effective immediately upon execution of this Settlement Agreement.

3. In conjunction with Defendant's yearly anti-discrimination training for all supervisorial and managerial employees at its San Francisco State University campus, Defendant shall allot a period of two hours to address issues and problems regarding age discrimination in employment. The training will include examples of types of age discrimination that will not be tolerated in Defendant's organization. The training will further inform each participant that he/she is responsible for knowing and complying with the contents of Defendant's anti-discrimination policies. Defendant shall provide to the EEOC, ten (10) days in advance of the training, a copy of the course outline or syllabus for the training.

4. The above training shall be completed before December 31, 2009.

5. The training described in this section shall be provided by experienced anti-discrimination educators and/or investigator, knowledgeable of the ADEA.

6. Defendant shall provide an additional one hour refresher training session on the topic of age discrimination no later than December 31, 2010.

SETTLEMENT AGREEMENT 3. C-08-2772 WHA

7. Defendant will provide a copy of all materials used in the training and a list of attendees to the EEOC within ten (10) days following each training session.

## V. MONETARY RELIEF

1. Dr. Lawford Goddard will receive the gross sum total of Fifty Thousand Dollars and No Cents ($50,000.00) ("the Settlement Sum") in full settlement of the discrimination claims made in this lawsuit.

2. The Settlement Sum is being paid in complete compromise of all disputed issues arising out of the Complaint filed in this lawsuit, Civil Action No. 08-2772 WHA in the U.S. District Court for the Northern District of California.

3. The monetary relief shall be paid as follows: Within ten (10) days of the execution of this Settlement Agreement and submission by Dr. Goddard of the forms required by the State of California for processing payment (Vendor Data Form and Form 590), Defendant CSU will issue payment to Dr. Lawford Goddard in the form of a business check made payable to Lawford Goddard. Defendant will send the check, by overnight mail, to Linda Ordonio-Dixon, EEOC, at 350 The Embarcadero, Suite 500, San Francisco, CA 94103.

## VI. RETENTION OF, JURISDICTION AND EXPIRATION OF AGREEMENT

The Parties stipulate that, pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994) and *Flanagan v. Arnaiz*, 143 F.3d 540, 543-44 (9th Cir. 1998), the Court shall retain jurisdiction over compliance with this Agreement.

This Settlement Agreement shall automatically terminate two (2) years from the date of entry by the Court, unless the EEOC petitions this Court for an extension of the agreement because of non-compliance by Defendant. If the EEOC determines that the Defendant has not complied with the Settlement Agreement, the EEOC will provide written notification of the alleged breach and may petition the Court for enforcement no sooner than thirty (30) days after providing written notification to Defendant. The thirty-day period following written notice shall be used by the parties for good faith efforts to resolve the issue. If the EEOC petitions the Court and the Court finds Defendant to

SETTLEMENT AGREEMENT 4. C-08-2772 WHA

be in substantial violation of the terms of the agreement, the Court may make further orders as appropriate under the circumstances.

Dated: April 15, 2009

/s/ _____
For Plaintiff Equal Employment Opportunity Commission

Dated: April 15, 2009

/s/ _____
John M. Gemello, Provost and Vice President for Academic Affairs, San Francisco State University, for Defendant Board of Trustees of the California State University

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Dated: April 15, 2009

/s/ _____
Linda Ordonio Dixon, Attorneys for Plaintiff Equal Employment Opportunity Commission

CALIFORNIA STATE UNIVERSITY
OFFICE OF GENERAL COUNSEL

Dated: April 15, 2009

/s/ _____
Susan Westover, Attorneys for Defendant Board of Trustees of the California State University

**IT IS SO ORDERED.**

DATED:_____        _____
                                      U.S. DISTRICT COURT JUDGE